UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DONALD DALE,

        Plaintiff,                    Case No. 1:25-cv-1555

v.                                           Honorable Sally J. Berens

UNKNOWN SPOLN et al.,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way he is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants[; h]however, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following claims against Defendant Spoln: Eighth Amendment medical care and conditions of confinement claims, Fourteenth Amendment claims, and claims for violation of Michigan's Elliott-Larson Civil Rights Act.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues DRF Sergeant Unknown Spoln.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on June 6, 2025, Plaintiff was taken to segregation for assault and battery on an officer. (Compl., ECF No. 1, PageID.3.) While Plaintiff was in segregation, Defendant Spoln instructed Plaintiff to stand in the "visibly wet and dirty" shower while Plaintiff was still wearing his socks. (*Id.*) Plaintiff objected to having to stand on the wet, dirty floor in his socks, but Defendant Spoln "pushed [Plaintiff] into the shower with extreme force while handcuffed and not resisting[,] twisting [Plaintiff's] wrist[,] causing extreme pain to shoot up to [Plaintiff's] shoulder and [his] wrist to ache." (*Id.*) When Plaintiff later asked Defendant Spoln why Defendant Spoln pushed him, Defendant Spoln "responded 'that I assaulted his officer.'" (*Id.*)

That same day, Plaintiff requested medical attention from "numerous officers," including Defendant Spoln, but they refused to provide Plaintiff with medical attention, saying "you shouldn't have assaulted a[n] officer[,] suffer." (*Id.*)

On June 25, 2025, an administrative law judge dismissed Plaintiff's charge of assault and battery on an officer "based on due process violations." (*Id.*, PageID.4.)

Plaintiff brings claims against Defendant Spoln for violation of Plaintiff's Eighth and Fourteenth Amendment rights for "cruel and unusual punishment" and "reckless disregard for the safety and health of Plaintiff," and under Michigan's Elliott-Larsen Civil Rights Act. (*Id.*, PageID.5–6.)[2] He seeks monetary relief. (*Id.*, PageID.6.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

---

[2] Because Plaintiff specifically identifies the claims that he intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any other claims.

4

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    **Eighth Amendment Excessive Force**

The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v.*

5

*Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Id.* at 8

6

(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff specifically alleges that he was being noncompliant with Defendant Spoln's orders to step into the shower when Defendant Spoln pushed him into the shower, thereby likely necessitating some use of force. However, Plaintiff also claims that Defendant Spoln pushed Plaintiff with "extreme force while handcuffed and not resisting[,] twisting [Plaintiff's] wrist[,] causing extreme pain" because Plaintiff assaulted an officer. (Compl., ECF No. 1, PageID.3.) Although Plaintiff has by no means proven his excessive force claim, taking Plaintiff's factual allegations as true, the Court will allow Plaintiff to proceed with his Eighth Amendment excessive force claim at this stage of the litigation.

   **B.  Eighth Amendment Medical Care Claims**

Plaintiff alleges that numerous officers, including Defendant Spoln, refused to provide Plaintiff with medical attention for his painful wrist and shoulder. (Compl., ECF No. 1, PageID.4.) The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care under the Eighth Amendment has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate

7

medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Plaintiff has not alleged facts to plausibly suggest that his injuries rose to the level of an objectively serious medical condition. Superficial physical conditions, such as minor "cuts, bruising, and swelling," do not rise to the level of serious medical needs requiring medical treatment. *See Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013). And while the Sixth Circuit has recognized that "extreme pain" can constitute "an objectively serious medical condition," *Murphy v. Grenier*, 406 F. App'x 972, 975 (6th Cir. 2011), courts have also recognized that garden variety pain without more, does not constitute a serious medical need. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding that the plaintiff's "skin, back, stomach, and other alleged ailments" did not constitute a serious medical need); *Billizone v. Jefferson Parish Corr. Ctr.*, No.

8

14-1263-SS, 2014 WL 7139636, at *3 (E.D. La. Dec. 15, 2014) (concluding that the plaintiff's back pain caused by disc erosion did not rise to the level of a serious medical need).

Here, while the Court does not doubt that wrist and shoulder pain could constitute a serious medical condition, Plaintiff does not allege facts that would plausibly suggest that his pain was sufficiently serious, necessitating professional medical attention. Therefore, the Court will dismiss Plaintiff's Eighth Amendment medical care claim against Defendant Spoln.

### C.  Eighth Amendment Conditions of Confinement Claims

Plaintiff also mentions that the shower, in which he was instructed to stand, was "visibly wet and dirty and had pubic hair all over it." (Compl., ECF No. 1, PageID.3.) For purposes of an Eighth Amendment conditions of confinement claim, the deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

As with his Eighth Amendment claims concerning medical care, to state an Eighth Amendment conditions of confinement claim, Plaintiff must allege facts to show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010);

9

*Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard again includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837.

While perhaps unpleasant, Plaintiff does not provide the Court with any facts that would plausibly suggest that the wet and dirty shower posed a substantial risk of serious harm to Plaintiff, much less that Defendant Spoln was subjectively aware of any substantial risk of serious harm in requiring Plaintiff to stand in the wet and dirty shower while wearing socks. Plaintiff also does not describe any ill effects from his contact with the shower. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment conditions of confinement claims.

### D. Fourteenth Amendment Procedural Due Process

Plaintiff states that he intends to bring a Fourteenth Amendment claim but does not describe the nature of his claim. (Compl., ECF No. 1, PageID.5–6.) The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient" *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff mentions that his charge of assault and battery on an officer was dismissed "on due process violations," but provides the Court with no further information concerning the alleged violations. In short, Plaintiff asks the Court to fabricate plausibility to his claim from mere ambiguity; but ambiguity does not support a claim. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. *See Iqbal*, 556 U.S. at 678-79. Therefore, the Court will dismiss any Fourteenth Amendment procedural due process claims.

### E.     Fourteenth Amendment Substantive Due Process Claims

To the extent Plaintiff suggests that Defendant Spoln's actions violated his Fourteenth Amendment substantive due process rights, he fails to state such a claim. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Plaintiff's allegations, however, fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim.

Further, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989))

11

(holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, as discussed above, the Eighth Amendment applies to Plaintiff's claims. Consequently, any intended substantive due process claims will be dismissed.

  **F.**  **Elliott-Larsen Civil Rights Act Claims**

  Plaintiff also mentions that he brings claims under Michigan's Elliott-Larsen Civil Rights Act. (Compl., ECF No. 1, PageID.5.) The Elliott-Larsen Civil Rights Act prohibits discrimination in the context of employment. Mich. Comp. Laws § 37.2202(1)(a); *see also Hamm v. Pullman SST, Inc.*, No. 22-11456, 2025 WL 792869, at *5 (E.D. Mich. Mar. 12, 2025). However, the facts of the complaint do not suggest any employment relationship between Plaintiff and Defendant Spoln or any allegations of discrimination. Accordingly, the Court will dismiss Plaintiff's claims under the Elliott-Larsen Civil Rights Act.

### Conclusion

  The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that the following claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): Eighth Amendment medical care and conditions of confinement claims, Fourteenth Amendment claims, and claims for violation of Michigan's Elliott-Larson Civil Rights Act. Plaintiff's Eighth Amendment excessive force claim remains in the case.

  An order consistent with this opinion will be entered.

Dated: February 9, 2026       /s/ Sally J. Berens
                   SALLY J. BERENS
                   United States Magistrate Judge